# COURT OF COMMON PLEAS
# FOR THE STATE OF DELAWARE
WILMINGTON, DELAWARE 19801

SHELDON K. RENNIE

    JUDGE

November 9, 2016

William L. Raisis, Esquire
Deputy Attorney General
820 N. French Street, 7th Floor
Wilmington, DE 19801
*Attorney for the State of Delaware*

James M. Stiller, Jr., Esquire
Schwartz & Schwartz, P.A.
31 Trolley Square
Wilmington, DE 19806
*Attorney for Defendant*

    **RE:**   ***State v. Jacob Giaccio***
              **Cr. A. No.: 1604011260**

Dear Counsel:

On October 20, 2016, the Court heard argument on Defendant's Motion to Compel the State to produce the Delaware State Police In-car Camera Use Policy. The State objected to producing this material asserting that Defendant failed to show how the policy was relevant or material to its defense under *Court of Common Pleas Criminal Procedure Rule 16.*

*Court of Common Pleas Criminal Procedure Rule 16(a)(1)(c)* states:

(c) Documents and tangible objects—Upon request of a defendant, the State shall permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the State, and which are material to the preparation of the defendant's defense or are intended for use by the State as evidence-in-chief at the trial, or were obtained from or belong to the defendant.[1]

---

[1] Ct. Com. Pl. Cr. R. 16.

Under Rule 16, the State must allow Defendant access to documents it possesses if those documents are "material to the preparation of the defendant's defense."[2] "'To satisfy the requirement of materiality, defendant must show some evidence that the requested pre-trial disclosure of the disputed evidence would enable him to alter the quantum of proof in his or her favor ... too much should not be required in such a showing.'"[3] Hence, Rule 16 allows a defendant access to the requested documents if those documents have a "logical consequential connection" to the offenses charged, and the request is "reasonable."[4]

After conducting an *in camera* review, the Court finds that Defendant has failed to establish the relevance or materiality of the requested policy. The disclosure of the policy to the Defendant would not aid him even in cross-examination. The police officer will testify that according to the in-car camera use policy all traffic stops are to be recorded with a MVR if available. Defendant can effectively cross-examine the police officer who conducted the non-traffic stop about why she failed to activate the in-car camera. The Court will then assess the basis provided by the officer for not activating the in-car camera and make any necessary rulings relating to admissibility or weight of evidence. Therefore, the withholding of this policy from Defendant will not prevent him from mounting an effective defense. Accordingly, Defendant's Motion to Compel is **DENIED**.

**IT IS SO ORDERED.**

Sheldon K. Rennie,
Judge

---

[2] *State v. Desmond*, 2011 WL 2791269, at *2 (Del. Com. Pl. July 13, 2011).
[3] *Id.* (quoting *State v. Johnson*, 2001 WL 34083582 (Del. Super. 2001)).
[4] *Id.*

2